Kirkpatrick, C. J.
I am of opinion that these orders cannot be supported. It is only in virtue of a [*] bastard’s being chargeable that the justices have an authority to make an order of filiation. The bastard, in this case, is not chargeable to Amwell, but only in the place of the residence of the mother. The mother ought to have been removed to the place of her legal residence, and the justices of that county to make the order of filiation.
Rossell, J.
On a full consideration of the case, was of opinion that the proceeding below was correct; and that the order of the sessions be affirmed.
Pennington, J.
The question of jurisdiction is the only point under consideration. It is worthy of observation [742] that this act passed after the act which changes the settlement of bastard children from the place where born, to the settlement of the mother; and it expressly authorizes any two justices of the peace of any county within which any bastard shall be born, to take order for the keeping of such bastard child, by charging the mother or reputed father with *571 the payment of money weekly, or other sustenance for the relief of such child, as they shall think meet and convenient. The justices of the county in which is the residence of the mother have no such authority. It follows, that if the justices of the county where the child is born, cannot act, the law, as it relates to this case, cannot be executed; and the reputed father escapes. By a former decision of this court, it has been determined, that the justices ought not to make an order of filiation until application is made to them by the overseers of the poor; and it is contended that the overseers of the poor where the child is born have no power to act. But I am not satisfied that this is so; every pauper is, from necessity, prima facie, likely to become chargeable where its actual residence is; the township may be relieved by finding out the residence of the pauper, and obtaining by legal means, its removal. Until that is done, it must be provided for where it actually is. I am of opinion that the overseers [*] have an authority to apply to the magistrates for the order of filiation; and that the justices have jurisdiction of the subject matter; and that this authority has been judiciously exercised, and is the course to be recommended to be pursued in such cases; and is the true meaning and intent of the act; and that the order of sessions, confirming the order of the justices, ought to be affirmed.
The order of the sessions, affirming the order of the justices,
Affirmed.[1]
Cited is State v Bidleman, 2 Harr. 20; Dally v. Over’s of Woodbridge, 1 Zab. 491; State v. Overseers of Poor, 4 Zab. 533.

 See 3 John Rep. 15.